DONE and SIGNED July 10, 2015.



_____
**HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

**IN RE: ROBERT JOSEPH HEBERT, JR.**                                  **CASE NO: 14-30559**
       **MEGAN Le'ANN LAMPEREX HEBERT**

**ORDER ON MOTION TO VACATE ORDER APPROVING SETTLEMENT AND ORDER
WITH REASONS CONCERNING MOTION TO DISALLOW ATTORNEY FEES AND
OBJECTION**

      Per the confirmed plan in this case, 50% of the net recovery by the debtor from any personal injury cause of action is pledged to the Chapter 13 estate. (Docs. #7,18.) An Order Approving Settlement, Authorize Employment of Special Counsel and Attorney Fees had been entered on April 23, 2015. (Doc. #22.) A hearing was held on June 25, 2015, on the Motion to Vacate Order Approving Settlement and Authorizing Employment of Special Counsel and the Motion to Disallow Attorney Fees. (Docs. #25,27.) On June 23, 2015, Mr. Douglas Brandt Schmolke, of Spencer Callahan Injury Lawyers, filed an Opposition to the Motion to Disallow Attorney Fees. The hearings were originally fixed for May 28, 2015, but were continued to June 25, 2015, by Order dated May 26, 2015. (Doc. #30) On June 25, 2015, Appearances were made at the hearing by Mr. Sam Henry, Counsel to the Debtor, Debtors, and Mr. Eugene Hastings, Standing Chapter 13 Trustee for the Monroe Division. Mrs. Hebert was sworn and testified. For reasons orally assigned, the hearing was continued to July 9, 2015, at 9:00 AM by a minute entry.

      On July 9, 2015, appearances were made by Mr. Eugene Hastings, Chapter 13 Trustee, Mr. Jeff Smith, Counsel for Debtor, and Ms. Megan Le'Ann Lamperex Hebert, Debtor. Mr. Smith reported to the Court that he had reached an agreement with Mr. Schmolke to renotice the motions for a hearing. The Court was not apprised of this agreement. Mr. Schmolke has made no appearance before this Court in prosecution

of his Objection, and has not sought relief in any other form, as noted herein. The Court made various observations on the record concerning the matter, which are incorporated herein by reference, and are expressly set forth as follows:

(1) The Motion to Employ Special Counsel did not include Mr. D. Brandt Schmolke of Spencer Callahan Injury Lawyers, who has not sought employment pursuant to 11 U.S.C. §327. Should he seek such appointment, he must file an application requesting *nunc pro tunc* approval, setting forth the circumstances for such appointment.

(2) The debtor's Motion to Vacate asserts that Mr. D. Brandt Schmolke of Spencer Callahan Injury Lawyers was asserting a contingency fee for work allegedly performed in the debtor's personal injury case and that the fee allegedly due Mr. Schmolke was not included in the breakdown of compensation and expenses set forth in the Motion to Approve Settlement and Authorize Employment of Special Counsel. (Doc. #20.)

(3) Mr. Schmolke's opposition to the Motion to Disallow Asserts, inter alia, that the firm of Spencer Callahan Injury Lawyers filed a Petition for Intervention in the original proceeding in the 19th Judicial District Court on April 17, 2015, to assert is lien against the cause of action for attorney's fees and reimbursement of costs. (Exhibit #8 to Response; Doc. #34.) To the extent this action constitutes a violation of the automatic stay, the Court reserves the right to impose sanctions for such violation.

A pre-petition cause of action being property of the estate, over which the bankruptcy court has exclusive jurisdiction, an Application to approve the settlement of same must be granted by this Court. Nevertheless, this Court lacks jurisdiction over a personal injury action *vel non* . 28 U.S.C. §157(b)(2)(O). It further notes that, while the state court proceeding may be a more convenient forum to address the division of the funds, the stay presently prohibits such determination,. Nevertheless, it is clear that the settlement as previously approved must be vacated. Accordingly,

**IT IS ORDERED** the Order Approving the Settlement and Authorizing Employment of Special Counsel dated April 23, 2015, **IS VACATED without prejudice, and with leave, to amend same in compliance with this ruling.**

**IT IS FURTHER ORDERED** that the debtor's Motion to Disallow Attorney's Fees and the objection filed by Spencer Callahan Injury Lawyers are dismissed without prejudice to being renoticed, subject to the following conditions:

(A) Mr. Andre' P. Gautier and Mr. D. Brandt Schmolke are jointly directed to file Applications for Appointment as Special *Counsel nunc pro tunc* and notice such applications for a hearing. Mr. Schmolke is directed to seek relief from the stay *nunc pro tunc* in connection with the filing of the intervention.

2

(B) No settlement funds shall be disbursed pending further Order of this Court, this Court reserving the enforcement of any judgment or order against the debtors or property of the estate pending further orders of this Court. The parties are directed to report to the Court whether they wish to proceed in the 19th Judicial District Court as to the compensation issues, subject to the lifting of the automatic stay, or consent to the disposition of the issues by this Court. Nothing herein shall prevent all parties from renoticing a compromise of all issues in the matter for approval, after notice and a hearing.

# # #